MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY OF TEXAS v. C. C. BAKER.

Decided February 17, 1906.

**Public Crossing—Killing Stock—Insufficient Evidence.**

Plaintiff's horse was killed on a public crossing at night; the railroad track was fenced, there was no eye witness to the killing; a passenger train passed that crossing during the night without blowing for the crossing; no evidence of any other trains passing that night. Held, the burden was on plaintiff to show that the train which was negligently operated killed the horse, failing in this he was not entitled to recover.

Appeal from the District Court of Marion County. Tried below before Hon. P. A. Turner.

*L. S. Schluter,* for appellant.—There being no proof offered upon the trial of the cause, showing or tending to show negligence on the part of the defendant resulting in the killing of the animal as complained of, the court should have given a peremptory instruction to the jury to find for the defendant, as requested. Henry v. Missouri, K. & T. Ry. Co., 65 S. W. Rep., 644; Jones v. Rex, 31 S. W. Rep., 1078; Washington v. Missouri, K. & T. Ry. Co., 36 S. W. Rep., 779.

*P. P. Taylor,* for appellee.

RAINEY, CHIEF JUSTICE.—Baker brought this suit to recover damages of appellant for the alleged negligent killing of plaintiff's horse by a train at a public crossing on appellant's track. A trial resulted in a verdict and judgment for plaintiff.

The facts show that plaintiff's horse was struck and killed at a public crossing. The evidence further shows that the railroad track is fenced, except at the crossing. The track east of the crossing is not straight. About one hundred yards east of the crossing a one degree curve in the track begins. West of the crossing for about one mile it is straight. The crossing could be seen for about two hundred yards before reaching it, going west. There are two crossings just west of the depot at Karnack, the first being about one quarter of a mile west and the other where the horse was struck, being one-half mile west. The only evidence that bears on the question of negligence of appellant's servants is that of witness Hope, and is as follows: "I live about a little over a half mile north of Karnack in Harrison County. I know Mr. Baker and the Katy Railroad. I was in Karnack the night the horse was killed, but I don't know whether it was April 22 or not. I heard the westbound passenger train go through that night. It blew the whistle down below the depot, east of Karnack. They whistled for

the station, but did not blow for the crossing where the horse was killed. I was right even with the crossing over in the other road when the train passed along there. I was even with the crossing where the horse was struck, and was about a hundred yards from it, I reckon. I was going home and was going north, traveling the wagon road. I did not cross the crossing there; did not have to cross the crossing. I was going from Mr. Taylor's store. It was not on the same side of the track that I was on. When·I left the store I had to cross at the first crossing between Mr. Baker's store and where the horse was killed, and then I kept on that side of the road until I got down to this other road and took up that. I did not see the train strike the animal, and I did not know that anything unusual had happened. It was a little after twelve o'clock at night. I have stated that I heard the train whistle for the depot, for the station, and I did not hear it whistle any more. When the train whistled for the depot I was a little bit above the first crossing; the crossing between where the horse was killed and Mr. Baker's store. I do not know how far I was from that crossing, but only a little piece. It is a fact that it was right there near the depot, and was not but a few hundred yards at best. I did not see the horse about the crossing at all. I just saw the train coming. I did not see the train as it came into the depot, but saw it after it passed the depot, and I went on home and paid no further attention to it. The train did not whistle at all after it left the depot. I am sure of that. It was going west, coming this way. I went on home. I went on home and went to bed. I do not know whether any other train passed along there that night or not. The train was running pretty fast; was running at a high rate of speed. It was a passenger train." No evidence of any other train passing that night.

In this case we certified to the Supreme Court the following question: "Under the foregoing facts, was the jury warranted in finding the appellant liable for killing the horse? In other words, was the evidence sufficient to show negligence on the part of the railroad company in killing said horse?" which was answered as follows: "The evidence stated shows only that at some time during a certain night plaintiff's horse was killed at a crossing on defendant's road by one of its trains, and that during the same night defendant's servants ran a passenger train past the crossing without blowing the whistle. Whether the horse was killed by that train, or before or after it passed, the evidence does not tend to show. The burden was on plaintiff to show that the killing was negligently done, in other words, that the train which was negligently operated killed the animal. This he failed to do, since there is no presumption either that other trains did or did not pass the point of the accident that night. No burden rested on the defendant to bring evidence until a case to be rebutted was made against it. This question is answered in the negative."

In deference to said opinion, we hold that a verdict should have been instructed for the railway company, therefore the judgment is reversed and judgment here rendered for appellant.

*Reversed and rendered.*